# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-967V
### UNPUBLISHED

| | |
|---|---|
| RICHARD SALIOT, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: April 20, 2023 <br><br> Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Dennis W. Potts*, Potts & Potts, Honolulu, HI, for Petitioner.

*Steven Santayana*, U.S. Department of Justice, Washington, DC, for Respondent.

## **DECISION AWARDING DAMAGES**[1]

On August 4, 2020, Regina Saliot, on behalf of her husband, Richard Saliot,[2] filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[3] (the "Vaccine Act"). Petitioner alleges that he suffered Guillan-Barré Syndrome (GBS) as a result of an influenza (flu) vaccination received on October 29, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 20, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On April 19, 2023, Respondent filed a proffer on award of

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] On March 21, 2023, Regina Saliot filed a motion to substitute Richard Saliot in his individual capacity as Petitioner, which was granted on April 3, 2023. ECF Nos. 61, 62.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compensation ("Proffer") indicating Petitioner should be awarded all items of compensation set forth in Respondent's life care plan and illustrated by the chart attached at Tab A. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following compensation:**

1. **A lump sum payment of $758,944.62, representing compensation for life care expenses expected to be incurred during the first year after judgment ($71,430.25), lost earnings ($433,830.00), and pain and suffering ($250,000.00), and past unreimbursable expenses ($3,684.37) in the form of a check payable to Petitioner, Richard Saliot.**

2. **A lump sum payment of $521.84, representing compensation for unreimbursable medical expenses, in the form of a check jointly payable to petitioner, Richard Saliot, and Waianae Coast Comprehensive Health Center. Petitioner agrees to endorse this payment to Waianae Coast Comprehensive Health Center.**

3. **An amount sufficient to purchase an annuity contract, subject to the conditions described in the Proffer, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, beginning with compensation for Year Two (on the first anniversary of the date of the judgment) and all subsequent years, paid to the life insurance company from which the annuity will be purchased.**

This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RICHARD SALIOT, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND HUMAN ) <br> SERVICES, ) <br> ) <br> Respondent. ) | No. 20-967V <br> Chief Special Master Corcoran <br> ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 8, 2021, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report, in which he recommended that the court find petitioner entitled to compensation, and on October 20, 2021, the Chief Special Master issued a Ruling on Entitlement, finding petitioner entitled to compensation. ECF Nos. 31, 32. Specifically, based on respondent's recommendation, the Court found petitioner entitled to compensation for Guillain-Barré syndrome and related sequelae that he sustained following the administration of an influenza vaccination on October 29, 2019, and that petitioner's claim satisfies the requirements necessary to qualify as a Table injury under the Vaccine Injury Table. 42 U.S.C. § 300aa-14(a)(XIV)(D), (c)(15). *See* ECF No. 32. Respondent now proffers that petitioner receive an award as follows:

**I.      Items of Compensation**

    A.     Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CNLCP, CCM, and petitioner engaged Shelley L.J. Hee, RN, BSN, CLCP, CNLCP, to provide an estimation of petitioner's future vaccine-injury related needs. For the purposes of this proffer, the term

"vaccine related" is as described in respondent's Rule 4(c) Report.  All items of compensation identified in respondent's life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Richard Saliot, attached hereto as Tab A.  Respondent proffers that petitioner should be awarded all items of compensation set forth in respondent's life care plan and illustrated by the chart attached at Tab A.  Petitioner agrees.

      B.      <u>Lost Earnings</u>

The parties agree that based upon the evidence of record, Richard Saliot has suffered past loss of earnings and will suffer future loss of earnings as a result of his vaccine-related injury.  Therefore, respondent proffers that petitioner should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Respondent proffers that the appropriate award for Richard Saliot's past and future lost earnings is $433,830.00.  Petitioner agrees.

      C.      <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $250,000.00 in actual pain and projected pain and suffering.  This amount reflects that any award for projected pain and suffering has been reduced to net present value.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

      D.      <u>Past Unreimbursable Expenses to Petitioner</u>

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $3,684.37.  Petitioner agrees.

      E.      <u>Past Unreimbursable Expenses to Petitioner and Provider</u>

Evidence supplied by petitioner documents outstanding charges for services provided by Waianae Coast Comprehensive Health Center related to his vaccine-related injury.  Respondent

proffers that petitioner should be awarded past unreimbursable expenses in the amount of $521.84. Petitioner agrees.

## II. Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

A. A lump sum payment of $758,944.62, representing compensation for life care expenses expected to be incurred during the first year after judgment ($71,430.25), lost earnings ($433,830.00), pain and suffering ($250,000.00), and past unreimbursable expenses ($3,684.37), in the form of a check payable to petitioner, Richard Saliot.

B. A lump sum payment of $521.84, representing compensation for unreimbursable medical expenses, in the form of a check jointly payable to petitioner, Richard Saliot, and Waianae Coast Comprehensive Health Center. Petitioner agrees to endorse this payment to Waianae Coast Comprehensive Health Center.

C. An amount sufficient to purchase an annuity contract,[2] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[3] from

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

3

which the annuity will be purchased.[4]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Richard Saliot, only so long as petitioner is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

---

a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[4]  Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

    2.    <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Richard Saliot, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Richard Saliot's death.

    3.    <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.**    **<u>Summary of Recommended Payments Following Judgment</u>**

    A.    Lump Sum paid to petitioner, Richard Saliot:    **$758,944.62**

    B.    Lump Sum paid jointly to petitioner, Richard Saliot, and Waianae Coast Comprehensive Health Center:    **$521.84**

    C.    An amount sufficient to purchase the annuity contract described above in section II.B.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

                                     *s/Steven C Santayana*
                                     STEVEN C. SANTAYANA
                                     Trial Attorney
                                     Torts Branch, Civil Division
                                     U.S. Department of Justice
                                     P.O. Box 146
                                     Benjamin Franklin Station
                                     Washington, D.C. 20044-0146
                                     Tel: (202) 616-4310
                                     Email:  Steven.C.Santayana@usdoj.gov

Dated: April 19, 2023

**Appendix A:  Items of Compensation for Richard Saliot**     Page 1 of 2

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2023 | Compensation Year 2 2024 | Compensation Years 3-Life 2025-Life |
|---|---|---|---|---|---|---|
| Medicare Part B Deductible | 5% | | | 226.00 | 226.00 | 226.00 |
| Medigap | 5% | | M | 1,829.04 | 1,829.04 | 1,829.04 |
| Medicare Part D | 5% | | M | 754.60 | 754.60 | 754.60 |
| Grab Bars & Installation | 4% | | | 180.00 | | |
| Raised Toilet Seat | 4% | | | 99.97 | 19.99 | 19.99 |
| Ramping | 4% | | | 4,800.00 | | |
| Toilet Aide | 4% | | | 24.99 | 8.33 | 8.33 |
| Life Alert | 4% | | M | 727.26 | 687.36 | 687.36 |
| Pain Management Evaluation | 5% | * | | | | |
| Pulmonary Function Evaluation | 5% | * | | | | |
| Speech Swallow Evaluation | 4% | * | | | | |
| Plastic Surgeon or ENT Evaluation | 5% | * | | | | |
| Psychology Evaluation | 4% | * | | | | |
| Psychiatry Evaluation | 5% | * | | | | |
| Bilateral Hand X-rays Evaluation | 5% | * | | | | |
| Orthopedic Hand Specialist Eval | 5% | * | | | | |
| Physical Therapy/Aqua Therapy Evaluation | 4% | * | | | | |
| Occupational Therapy Evaluation | 4% | * | | | | |
| Bilateral Shoulder X-rays Evaluation | 5% | * | | | | |
| Pre-Op Diagnostic Studies | 5% | * | | | | |
| Lab Studies | 5% | * | | | | |
| Home Care | 4% | | M | 48,413.60 | 48,413.60 | |
| Assisted Living Facility | 4% | | M | | | 87,000.00 |
| Shower Bench | 4% | | | 55.00 | 11.00 | 11.00 |
| Non Slip Bath Mat | 4% | | | 19.00 | 4.75 | 4.75 |
| Electric Hospital Bed | 4% | * | | | | |
| Lift Recliner | 4% | * | | 529.99 | 53.00 | 53.00 |
| Psychologist | 4% | * | | | | |
| Psychiatrist | 5% | * | | | | |
| PM&R | 5% | * | | | | |
| Pain Mngt Interventionist | 5% | * | | | | |
| Bilateral Finger Contracture Release | 5% | * | | | | |
| Emergency Room | 5% | * | | | | |
| Hospitalization | 5% | * | | | | |
| Bilateral Shoulder Injection | 5% | * | | | | |
| Shoulder MRI | 5% | * | | | | |
| Arthroscopic Shoulder Procedure | 5% | * | | | | |
| Effexor XR | 5% | * | | | | |
| Lidocaine | 5% | * | | | | |
| Tramadol | 5% | * | | | | |
| Senokot | 4% | | | 53.00 | 53.00 | 53.00 |
| Ibuprofen | 4% | | | 46.00 | 46.00 | 46.00 |
| Tegretol | 4% | * | | | | |
| Tylenol | 4% | | | 73.00 | 73.00 | 73.00 |

**Appendix A:  Items of Compensation for Richard Saliot**  Page 2 of 2

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Years 3-Life |
|---|---|---|---|---|---|---|
| | | | | 2023 | 2024 | 2025-Life |
| Scooter | 4% | | | 2,558.00 | 511.60 | 511.60 |
| Scooter Battery and Maintenance | 4% | | | 376.80 | 376.80 | 376.80 |
| Manual Wheelchair | 4% | * | | | | |
| Walker | 4% | | | 284.00 | 56.80 | 56.80 |
| Bilateral Dynamic Hand Splints | 4% | * | | | | |
| Speech Therapy | 4% | * | | | | |
| Physical Therapy/Aqua Therapy | 4% | * | | | | |
| Occupational Therapy | 4% | * | | | | |
| Case Management | 4% | | M | 2,880.00 | 2,880.00 | 2,880.00 |
| Occupational Therapy Post Surgery | 4% | * | | | | |
| Vehicle Lift System | 4% | | | 7,500.00 | | |
| Lost Future Earnings | | | | 433,830.00 | | |
| Pain and Suffering | | | | 250,000.00 | | |
| Past Unreimbursable Expenses to Petitioner | | | | 3,684.37 | | |
| Past Unreimbursable Expenses payable jointly to Petitioner and Waianae Coast Comprehensive Health Center | | | | 521.84 | | |
| Annual Totals | | | | 759,466.46 | 56,004.87 | 94,591.27 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($71,430.25), lost earnings ($433,830.00), pain and suffering ($250,000.00), and past unreimbursable expenses ($3,684.37): $758,944.62.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and Waianae Coast Comprehensive Health Center for past unreimbursable expenses: $521.84.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.