CORRECTED

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0967V

| | |
|---|---|
| RICHARD SALIOT, | |
| Petitioner, | Chief Special Master Corcoran |
| v. | Filed: September 29, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Dennis W. Potts, Dennis W. Potts, Honolulu, HI,* for Petitioner.

*Lara A. Englund, U.S. Department of Justice, Washington, DC,* for Respondent.

### ORDER DENYING MOTION TO REDACT[1]

On August 4, 2020, Regina Saliot filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillan-Barré syndrome as a result of an influenza vaccine received on October 29, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 20, 2023, I issued a decision awarding Petitioner an amount based upon Respondent's proffer. ECF No. 65. On January 3, 2025, I awarded Petitioner attorney's fees and costs. ECF No. 75. Nine days later, on January 12, 2024, Petitioner filed a timely motion for redaction of the Fee Decision. ECF No. 77. The motion, however, did not

---

[1] Because this unpublished Order contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **In light of my conclusion below, I intend to post this Order with a redacted caption**. To the extent Petitioner would seek further redaction, in accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

specify the information Petitioner wished to be redacted. *Id.* Instead, it simply listed the sections of the Fee Decision. *Id.* at 1.

Respondent reacted to the Motion on January 18, 2024. ECF No. 78. After noting the Motion "does not specify what information should be redacted" (*id.* at 2), he provided his usual response of deferring to my discretion because he "does not believe it is appropriate to advocate in favor of disclosure of petitioner's information in any particular case, including this one." *Id.* at 5.

In his reply filed on January 23, 2023, Petitioner clarified that he was requesting that the information regarding his experts contained in the section related to attorney's costs (at a minimum their names) be redacted. ECF No. 79.

## Legal Standards

I have previously discussed in other decisions the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Hum. Servs.*, No. 12-0312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*, 123 Fed. Cl. 497 (2015) (denying a request to redact petitioner's name and description of illnesses). Generally, information provided in vaccine proceedings may not be disclosed without the written consent of the party providing the information. Section 12(d)(4)(A); Vaccine Rule 18(a). The Act requires disclosure of the decisions of the special masters or the court but provides for redaction of certain categories of information – "medical files and similar files" – but only if the disclosure of such information "would constitute a clearly unwarranted invasion of privacy." Section 12(d)(4)(B); *accord.* Vaccine Rule 18(b).

The Vaccine Rules allows the initials of a minor to be used in the petition's caption when filed. Vaccine Rule 16(b). Although adult petitioners' names are not afforded this automatic protection, they may be redacted if the movant establishes proper grounds for so doing. *See generally W.C. v. Sec'y of Health & Hum. Servs.*, 100 Fed. Cl. 440, 460-61 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013) (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision); *but see Langland v. Sec'y of Health & Hum. Servs.*, No. 07-0036V, 2011 WL 802695, at *7-8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing). There is a notable public interest in knowing the vaccination and medical information related to a petitioner's injury but no public interest

in knowing a petitioner's name. *A.K. v. Sec'y of Health & Human Servs.*, No. 09-0605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013).

*W.C.* and *Langland* stand as two somewhat-opposed interpretations of how strict the standard for obtaining redaction should be. *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*, 100 Fed. Cl. at 460-61; *K.L.*, 2015 WL 11387761, at *2-3. In either case, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See, e.g.*, *K.L. v. Sec'y of Health & Hum. Servs.*, No. 12-0312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's second request to redact only her name to initials which was accompanied by additional information regarding the potential harm she may suffer regarding her employment).

Under the correct standard, a petitioner's general concern for privacy, shared by many vaccine case petitioners, is not sufficient to warrant redaction, especially when there is a strong public interest in the information's disclosure. *See W.C.*, 100 Fed. Cl. at 461. But claimants can make individualized showings going beyond such general preferences that persuasively establish grounds for redaction. Here, Petitioner has presented a credible argument that disclosure of the damages decision awarding her compensation for her SIRVA could adversely impact her individual safety and that of her family.[3] *See* Motion at 2-3.

## Analysis

There is a notable public interest in knowing information such as the vaccination and medical information related to a petitioner's injury, but no public interest *per se* in knowing a petitioner's name. *A.K. v. Sec'y of Health & Hum. Servs.*, No. 09-0605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013). Therefore, special masters routinely permit redaction of a petitioner's full name to initials, even when the petitioner is an adult.

---

[3] I am purposefully not including further details in this order as that disclosure would thwart the purpose of this redaction.

3

In contrast, there is a strong public interest in the disclosure of the specific information Petitioner seeks to redact. This information is necessary to inform the public of the factors to be considered when retaining experts to opine in future vaccine cases, whether these specific experts or others. Thus, it is important that this information not be redacted. And Petitioner has not provided a sufficient rationale as to why disclosure of the information would constitute an unwarranted invasion of privacy. Accordingly, he has not established grounds for redaction.

## Conclusion

For the reasons set forth above, I hereby determine that Petitioner has not established grounds for redaction of the information related to the experts he employed in this case, specifically the names and hours rates awarded for their work, in the Fee Decision issued on January 3, 2024, at ECF No. 75. I therefore **DENY the motion filed by Petitioner on January 12, 2024, at ECF No. 77.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
