# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0967V

|  |  |
|---|---|
| RICHARD SALIOT,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 3, 2024 |

*Dennis W. Potts, Potts & Potts, Honolulu, HI,* for Petitioner.

*Steven Santayana, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 4, 2020, Regina Saliot (on behalf of her husband, Richard Saliot)[2] filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[3] (the "Vaccine Act"). Petitioner alleged that he suffered Guillan-Barré syndrome as a result of an influenza vaccine received on October 29, 2019. Petition, ECF No. 1. On April 20, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 65.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] On March 21, 2023, Regina Saliot filed a motion to substitute Richard Saliot in his individual capacity as Petitioner, which was granted on April 3, 2023. ECF Nos. 61, 62.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $100,274.25 (representing $48,960.00 in fees plus $51,314.25 in costs). Petitioner's Application for Attorney's Fees and Costs ("Motion") filed July 3, 2023, ECF No. 70. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id*. at 3.

Respondent reacted to the motion on July 5, 2023, stating that he is satisfied that the statutory requirements for an award of fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 71. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find the request for fees to be reasonable. However, a reduction in the amount of costs to be awarded is appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs*., 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive,

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

I have reviewed the billing records submitted with Petitioner's request. Because Petitioner succeeded in this matter, his entitlement to fees cannot be disputed – but the fees and costs incurred must still be *reasonable.* Here, the magnitude of costs sought is facially high, especially compared to SPU cases generally. The specific circumstances of this case, and the severe nature of the injury at issue, may explain this discrepancy to some extent. And the total amount received by Petitioner was significant as well – this is not a matter in which there is a disparity between the claimant's award and fees to be paid. Nevertheless, the sum is large, and counsel should take care in future SPU cases to avoid incurring fees and costs and costs of this size.

Petitioner requests compensation for attorney Dennis W. Potts at the hourly rate of $300 for all time billed in the 2020-23 timeframe. ECF No. 70-2 at 13. I find the requested rate to be reasonable, and consistent with prior determinations and shall therefore be applied in this case.

## ATTORNEY COSTS

Petitioner requests $51,314.25 in overall costs. ECF No. 74-1. This amount includes the cost of obtaining medical records, expert fees, shipping costs, and the Court's filing fee. I have reviewed the requested costs and find them to be reasonable, with the exception of costs associated with two of Petitioner's experts.

Like attorney fees, reasonable expert fees are determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours. *Caves* v. *Sec'y of Health &Human Servs.*, 111 Fed. Cl. 774, 779 (2013). To determine an expert's reasonable hourly rate, special masters typically considers factors similar to those considered for an attorney, including the "area of expertise; the education and training required to provide necessary insight; the prevailing rates for other comparably respected available experts; the nature, quality, and complexity of the information provided; [and] the cost of living in the expert's geographic area." Sabella, 86 Fed. Cl. at 206 (internal citations omitted). "Petitioner has the burden of providing the foregoing information concerning expert fees." *Id.*

3

Petitioner is seeking the amount for $3,743.48 for the expert work of Dr. Gregory K. Yim, M.D. ECF No. 74-1. Dr. Yim was retained to review medical records, and requests compensation at the rate of $575.92 per hour for his services. However, Petitioner has not provided a CV for this expert, nor any other information to support this hourly rate. I also note that special masters have declined to award more than $500.00 per hour to expert witnesses in the Vaccine Program, absent special circumstances. *See Green v. Sec'y of Health & Human Servs.*, No. 15-1447V, 2017 WL 6336776, at *4 (Fed. Cl. Spec. Mstr. Nov. 16, 2017). Although this is not an ironclad rate "limit," it does provide a benchmark for evaluating when higher rates are warranted – and Petitioner here has not justified exceeding this amount. Accordingly, I shall instead award Dr. Yim the lesser rate of $500.00 per hour, a fairly standard rate permitted for Program experts. This results in a reduction of **$379.50**.[4]

Additionally, Petitioner asks for $7,853.40 to compensate the work performed by Dr. Linda J. Rowan, M.D. *Id.* Dr. Rowan was retained to review Petitioner's life care plan, conduct an independent medical examination, formulate diagnosis, and prepare an expert report with recommendations. She is requesting compensation at the rate of $600 per hour. This rate also exceeds what is routinely awarded for similar expert work in the Vaccine Program, and Petitioner has not provided sufficient evidence to justify approving a higher rate for Dr. Rowan. I shall similarly award Dr. Rowan the lesser rate of $500 per hour, to be in line with the standard rate permitted for Program experts. This results in a further reduction in the amount of costs to be awarded herein of **$1,150.00**.[5]

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$98,744.75 (representing $48,960.00 in fees plus $49,784.75 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Dennis W. Potts.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

---

[4] This amount is calculated as follows: $575.92 - $500 = $75.92 x 5 hrs = $379.60

[5] This amount is calculated as: $600 - $500 = $100 x 11.50 hrs = $1,150.00

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

4

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
